36 October 5, 2017 No. 53

IN THE SUPREME COURT OF THE
STATE OF OREGON

INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION,
*Plaintiff,*

*v.*

PORT OF PORTLAND;
Commissioners of the Port of Portland,
in their individual and official capacities;
Bill Wyatt, in his individual and official capacity;
and Bruce A. Holte,
*Defendants.*

(United States Court of Appeals
for the Ninth Circuit No. 14-35376;
S064608)

En Banc

On certified question from the United States Court of Appeals for the Ninth Circuit; amended certification filed January 6, 2017; certification accepted February 2, 2017.

Robert H. Lavitt, Schwerin, Campbell, Barnard, Iglitzin and Lavitt, LLP, Seattle, Washington, and Andrew J. Ziaja, Leonard Carder, LLP, Oakland, California, filed the brief for plaintiff. Also on the brief was Emily M. Maglio.

Randolph C. Foster, Stoel Rives LLP, Portland, filed the brief for defendants Port of Portland, Commissioners of the Port of Portland, and Bill Wyatt. Also on the brief were Jeremy D. Sacks and Crystal S. Chase.

No appearance on behalf of defendant Bruce A. Holte.

PER CURIAM

The Oregon Supreme Court declines to answer the certified question.

**PER CURIAM**

The United States Court of Appeals for the Ninth Circuit certified a state-law question to this court, which we restate as follows: Did programs financed by the Port of Portland for the benefit of private companies put tax revenues at risk in violation of Article XI, section 9, of the Oregon Constitution? After this court accepted certification, the parties advised us that they settled their dispute, and they filed a stipulated motion to "dismiss with prejudice the Court's consideration of the certified question" referred by the Ninth Circuit. They also advised us that they filed a stipulated motion to dismiss with prejudice the appeal pending in the Ninth Circuit.

Given the parties' settlement, we decline to answer the certified question. Any answer that we might give to that question would be advisory. Because only the certified question is before this court, no further action is necessary to resolve the certification.

The Oregon Supreme Court declines to answer the certified question.